IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GASTON | ) | |
| | ) | |
| v. | ) | 3-09-CV-1246-K |
| | ) | |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**: This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Texas Department of Criminal Justice, Correctional Institutions Division, Clements Unit, Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: On March 14, 2006, Gaston entered pleas of guilty to the charges in the indictments returned in Cause Nos. F-04-73461-X, F-04-55464-X, F-04-73465-X, F-04-73561-X, F-04-73523-X and F-04-55463-X. Each indictment charged him with the offense of aggravated robbery with a deadly weapon. The empaneled jury returned a verdict of guilty in each case. Thereafter he entered a plea of "true" to the prior felony offense alleged in the State's notice of

intent to enhance. *See e.g.* No. 05-06-00559-CR [No. F-04-73461-QNX]. Record Vol. One at 23. The jury returned a verdict of true and assessed punishment in each case at a term of 50 years imprisonment and a fine of $5,000.00. *Id.* at 38-39. The terms of imprisonment were to be served concurrently.

Gaston filed direct appeals from his convictions and on January 18, 2007, the judgments were affirmed by the Fifth Court of Appeals at Dallas. His *pro se* petitions for discretionary review were refused by the Texas Court of Criminal Appeals on August 22, 2007.

He then filed six applications for habeas corpus relief in the trial court pursuant to art. 11.07, Texas Code of Criminal Procedure, attacking the six separate convictions. Except for the docket number of the conviction collaterally attacked, the art. 11.07 applications are identical. *See Ex Parte Gaston,* Nos. 69,024-03 through 69,024-08. On October 29, 2008, the applications were denied by the Court of Criminal Appeals on the findings of the trial court. Gaston then filed his § 2254 petition in the above styled and numbered case.[1] In response to the petition and this court's show cause order, Respondent filed his answer and copies of the prior state court proceedings.

**Findings and Conclusions**: Gaston's grounds for relief relate to whether the juvenile delinquency adjudication in No. JD-47969-X was a prior conviction which could be used to enhance the range of punishment under Texas state law.

In Ground Three[2] of his petition he claims that the conviction in No. JD-47969-X could not be used to enhance punishment in a subsequent felony conviction. Although Respondent argues that

---

[1] Since all judgments were imposed by the same state court, Rule 2(e) of the Rules Governing Section 2254 Cases permits all six convictions to be attacked in a single petition.

[2] There is no claim for relief under Ground Two.

consideration of this ground is procedurally barred, the issue of whether the earlier conviction could be used to enhance punishment must necessarily be addressed in Gaston's first ground for relief, to wit: ineffective assistance of counsel based upon the absence of an objection to the use of the conviction in the penalty phase of the trial.

The documentary evidence presented at trial with reference to the delinquency adjudication in No. JD-47969-X for the offense of aggravated robbery establishes that Gaston was committed to the care and custody of the Texas Youth Commission on April 1, 2002. *See* Reporter's Record, Volume 5 at State Exhibit 7. § 12.41(f) of the Texas Penal Code in effect on March 14, 2006, when he pleaded guilty to the six aggravated robbery charges provided in pertinent part that an adjudication of delinquency of a felony offense by a child for which the minor was committed to the Texas Youth Commission is a *final felony conviction* for the purposes of § 12.42(c)(1). The latter section in turn provides that punishment for a first degree felony where the defendant has once before been convicted of a *felony* is a term of imprisonment of not less than 15 years nor more than 99 years or for life.

Under Texas state law any objection to the use of Gaston's juvenile delinquency adjudication in No. JD-47969-X would have been both futile and frivolous, thereby foreclosing any relief under the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 18th day of February, 2010.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).